Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAFTSHACK, INC., <br><br> Plaintiff, <br><br> v. <br><br> DRIZLY, LLC; and DOES 1-10, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

Plaintiff CraftShack, Inc. prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. CraftShack is a Delaware corporation.

5. Upon information and belief, Defendant Drizly, LLC is a Delaware limited liability company that is registered with the California Secretary of State, maintains a principal place of business at 1515 3rd Street, San Francisco, CA 94158, maintains a registered agent of service of process in this judicial district, and has previously appeared in this Court. Upon information and belief, Drizly owns, operates, and/or controls the commercial website drizly.com and its related/affiliated subdomains, mobile websites, and applications (collectively, "Drizly's Website").

6. Upon information and belief, Defendants DOES 1-10 (collectively, "Doe Defendants") (altogether with Drizly, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to Plaintiff, which therefore sues Doe Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## DRIZLY'S UNAUTHORIZED USE OF THE SUBJECT PHOTOGRAPHS

8. CraftShack operates an online craft beer marketplace which ships mostly small and family-owned beer and liquor directly to customers. As part of its business, CraftShack has created a series of hundreds of original photos to "standardize" the professional display of the products it sells on its website. This is important because,

while many of the manufacturers of those products offer promotional photos of their products, those photos are often incohesive—e.g., shot with/from different angles, backgrounds, lighting, etc. By creating a homogenous and stylized collection of product photos, CraftShack has created immense value for itself and its customers. Indeed, due to the demand for CraftShack's work, CraftShack has created a secondary business of offering licenses for the use its original photos to companies like Defendants. CraftShack's website displays hundreds of its original photographs used to promote the sale of beer and liquor products, and maintaining exclusivity of use of those high-quality proprietary photos for only CraftShack and its authorized licensees is crucial to CraftShack's business.

9. CraftShack took and owns 45 original photographs that are registered with the U.S. Copyright Office (collectively, the "Subject Photographs"). Copies of the Subject Photographs are set forth in **Exhibit 1**.

10. Following the publication and display of the Subject Photographs, Defendants, and each of them, stored, distributed, displayed, and exploited copies of the Subject Photographs for commercial purposes on Drizly's Website without CraftShack's permission (collectively, the "Accused Posts"). Copies of screen captures of the Accused Posts are set forth in **Exhibit 2**.

## FIRST CLAIM FOR RELIEF

(**For Copyright Infringement – Against All Defendants, and Each**)

11. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

12. Upon information and belief, Defendants, and each of them, had access to the Subject Photographs, including through Plaintiff's website and social media accounts, viewing the Subject Photographs on third-party websites or Internet search engines, and/or because the Accused Posts are verbatim copies of, and thus strikingly similar to, the Subject Photographs.

///

13. Defendants, and each of them, stored, distributed, displayed, and exploited copies of the Subject Photographs for commercial purposes on Drizly's Website without CraftShack's permission.

14. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

15. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to their infringement in an amount to be established at trial.

16. Upon information and belief, Defendants have committed copyright infringement with actual or constructive knowledge of, or in reckless disregard or willful blindness for, Plaintiff's copyrights in the Subject Photographs, such that their acts of copyright infringement were willful, including because this is not the first time Drizly allegedly exploited unauthorized copies of CraftShack's original photographs on its Website for commercial purposes with CraftShack's permission. *See CraftShack, Inc. v. Drizly, LLC*, Case No. 2:20-cv-08700.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone working on behalf of or in concert with Defendants or their agents, be enjoined from using any of the Subject Photographs in a manner that infringes CraftShack's copyrights in the same;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its fees as available under 17 U.S.C. § 505;

     d. That Plaintiff be awarded pre-judgment interest as allowed by law;

     e. That Plaintiff be awarded the costs of this action; and

     f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable under Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: November 20, 2023

DONIGER / BURROUGHS

By: */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*